DORSEY & WHITNEY LLP
Bruce R. Ewing (BE-0724)
Sarah R. Robertson (SR-1919)
Kaydi Osowski (KO-2581)
51 West 52nd Street
New York, New York 10019
(212) 415-9200

Attorneys for Plaintiff
theScore, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
THESCORE, INC.,

                Plaintiff,

      - against -

SCORESTREAM, INC.,

                Defendant.
-------------------------------------------------------------X

17 Civ.

**COMPLAINT WITH JURY DEMAND**

Plaintiff theScore, Inc., by its attorneys, Dorsey & Whitney LLP, for its Complaint against defendant ScoreStream, Inc., alleges as follows:

### THE PARTIES

1. Plaintiff theScore, Inc. ("theScore") is a corporation organized under the laws of the Province of Ontario, Canada and located in Ontario, Canada. theScore also maintains offices in New York, New York located at 41 East 11th Street, New York, New York 10003 through an indirect wholly-owned subsidiary.

2. Upon information and belief, defendant ScoreStream, Inc. ("Defendant") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 4216 Shorepointe Way, San Diego California.

## NATURE OF THE ACTION

3. This is an action for damages and injunctive relief against Defendant for trademark infringement and unfair competition under federal and New York law.

4. This action arises out of Defendant's use, in connection with mobile applications for sharing sports-related messaging and content, of the designations SCORESTREAM and an "S" designation that are likely to be confused with theScore's trademarks THE SCORE and its own "S" Designation that have been used and registered for services that consist of digital sports media offerings. Defendant's use of the designations SCORESTREAM and an "S" designation, or variations thereof, as described herein, is in violation of the U.S. Trademark Act of 1946, as amended (the "Lanham Act") (15 U.S.C. §§ 1051 *et seq.*) and New York common law.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction under 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331, 1332, 1338(a), 1338(b) and 1367.

6. This Court has personal jurisdiction over Defendant under CPLR 302(a)(1), in that Defendant has offered and/or made available for download in New York and this District sports-related messaging and content services pertaining to local New York sports teams under the infringing designations that violates theScore's New York trademark rights, and CPLR 302(a)(3), in that Defendant has engaged in tortious activity outside the State of New York that has caused injury to Plaintiff in this State and this District.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## THESCORE'S BUSINESS AND TRADEMARKS

8. theScore is a provider of digital sports information and content that includes real-time news, scores, statistics and push alerts for sports, fantasy sports and e-sports. theScore's services are offered through its various mobile applications (most notably "theScore" Android and iOS apps), its Internet website accessible at www.thescore.com and other emerging platforms. theScore has used THESCORE as a trademark since approximately 2001 in both the U.S. and overseas.

9. theScore is the owner of multiple trademark registrations issued by the United States Patent and Trademark Office (the "PTO") for THESCORE or variations thereof, including Reg. No. 2,924,688 registered on February 8, 2005, based on an application filed on March 17, 2003, for THESCORE and Design covering, *inter alia*, entertainment services, namely, providing information services relating to sports via the world wide web on the internet and through electronic mail; and entertainment services in the field of sports, namely organizing and conducting sports contests and sweepstakes and fantasy sports games and sweepstakes. This registration is incontestable within the meaning of 15 U.S.C. § 1065.

10. In addition, continuously since as early as 2007, theScore has used in U.S. commerce as a trademark the designation pictured in paragraph 17 below that features the letter "S" depicted in white against a blue background, with a yellow line immediately beneath it (the "S Trademark"). theScore registered the S Trademark, not lined for color, on February 22, 2005 with the U.S. Patent & Trademark Office, and that registration is the subject of U.S. Reg. No. 2,927,252 covering "entertainment services, namely, providing information services relating to sports via the world wide web on the Internet and through electronic mail; entertainment services in the field of sports, namely organizing and conducting sports contests and sweepstakes and fantasy sports games and sweepstakes." theScore's registration for its S Trademark is valid and subsisting, as well as incontestable within the meaning of 15 U.S.C. § 1065. The S Trademark and the trademark THESCORE will be referred to herein as the "SCORE Marks."

11. The SCORE Marks are inherently distinctive symbols of significant goodwill among U.S. consumers and the trade belonging exclusively to theScore. As a result of both their inherent distinctiveness and the duration of the offering of services under the SCORE Marks, both U.S. consumers and the trade associate the SCORE Marks with theScore. theScore extensively promotes the services it offers under its SCORE Marks, and those services are accessed by millions of U.S. consumers each year, including within the State of New York and this District.

## DEFENDANT'S UNLAWFUL CONDUCT

12. Upon information and belief, Defendant operates a business whose primary aim is to collect and disseminate the results of high school and local amateur athletic events. Upon information and belief, Defendant obtains the results it collects and disseminates, at least in part, through crowdsourcing, and Defendant also partners with third parties to disseminate the real-time results it aggregates, along with videos and other content that Defendant collects, throughout the United States in interstate commerce, including within the State of New York and this District, through its website accessible at www.scorestream.com and through an app that is also at issue in this proceeding, as well as through third-party social media platforms, website syndication through its various widgets, and other outlets such as restaurants.

13. Upon information and belief, Defendant has been in business since approximately 2012 and, for most of that time, its business has been primarily concentrated on high school and local amateur sporting events. However, at some point in time, on information and belief, Defendant began to feature, more and more prominently, as part of the content it disseminates, the results of college/university level and professional athletic events, which are the focus of theScore's business. Thus, over time, Defendant's business has become increasingly competitive with that of theScore, such that the content Defendant is now offering substantially overlaps with that of theScore.

14. For example, just as theScore allows its users to follow particular professional teams, and receive live scoring updates while games are in progress, Defendant now offers those same services. Examples of the types of content pertaining to professional sports teams that are available through Defendant's app are depicted in Exhibit 1 hereto.

15. The foregoing services are offered under the designations SCORESTREAM, which Defendant has registered with the U.S. Patent & Trademark Office, and an "S" designation that closely mimics theScore's S Trademark. Defendant's SCORESTREAM designation and "S" designation will be referred to hereafter as the "Infringing Designations."

16.     The Infringing Designations are presented to consumers in a way that highlights their similarity to the SCORE Marks. For example, Defendant highlights the word "Score" in its SCORESTREAM designation, as shown below:



17.     In addition, as shown below, the "S" designation adopted by Defendant for its sports-related app is substantially similar to theScore's S Trademark used with its sports-related app, including with respect to the blue-yellow-and-white color combination employed by the Score.

 

Defendant's                               theScore's
Infringing "S" Designation                S Trademark

18.     The sports related services offered by Defendant under the Infringing Designations are closely related to the services provided by theScore under its SCORE Marks. Defendant's unauthorized use of the Infringing Designations that are so similar to theScore's SCORE Marks for competitive services constitutes a deliberate attempt to misappropriate for its

5

own ends theScore's SCORE Marks and the goodwill inherent therein, and is likely to cause consumers across the United States and within the State of New York and this District to wrongly believe that theScore has either sponsored, authorized or approved of services offered under the Infringing Designations, and/or that such services are associated with or are part of theScore's competitive services. Such confusion is likely to cause substantial damage to theScore, its SCORE Marks and the goodwill inherent therein in amounts to be proven at trial. Upon information and belief, such conduct on the part of Defendant is willful, intentional and represents a bad-faith effort to trade unfairly on theScore's goodwill embodied in its SCORE Marks and/or to otherwise violate theScore's rights in such Marks.

19. theScore has no adequate remedy at law for any of the misconduct described above and will suffer irreparable harm in the absence of the relief sought herein.

## FIRST CLAIM FOR RELIEF

### Federal Trademark Infringement
### (15 U.S.C. § 1114(1))

20. theScore incorporates the preceding paragraphs as though fully set forth herein.

21. The actions of Defendant as described herein constitute infringement of theScore's federally registered SCORE Marks in violation of section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

22. Defendant's acts of infringement have caused theScore damage in an amount to be proven at trial. theScore seeks judgment pursuant to 15 U.S.C. § 1117 for Defendant's profits made through its unauthorized and infringing use of the SCORE Marks, for the damages sustained by theScore, for all costs necessary to remediate the infringing uses and their effects, and for the costs, expenses and reasonable attorneys' fees incurred in bringing the present action.

23. In addition, theScore seeks judgment for three times the damages awarded, due to the willful and intentional nature of Defendant's conduct, or such other compensation as the Court deems just and proper.

## SECOND CLAIM FOR RELIEF

### Unfair Competition and False Designation of Origin
### in Violation of Federal Law (15 U.S.C. § 1125(a))

24.    theScore incorporates the preceding paragraphs as though fully set forth herein.

25.    theScore owns and enjoys common law trademark rights in its SCORE Marks and also owns multiple registrations for such Marks, which rights are superior to any rights of Defendant.

26.    Defendant's use of the Infringing Designations as aforesaid constitutes a false designation of origin, passing off, misappropriation, palming off and/or misleading description or representation of fact that is likely to cause mistake, confusion and/or deception as to origin, sponsorship, authorization, creation or approval of Defendant's services, in violation of 15 U.S.C. § 1125(a).

27.    As a result of Defendant's acts, theScore has suffered damages and other harm, in an amount to be proven at trial. theScore seeks judgment for Defendant's profits made from these acts, for the damages sustained by theScore, for all costs necessary to remediate the false designation of origin, passing off, misappropriation, palming off and/or misleading description or representation of fact, and for the costs, expenses and reasonable attorneys' fees incurred in bringing the present action.

28.    theScore further seeks judgment for three times the amount of damages awarded, due to the nature of Defendant's conduct, or such other compensation as the Court deems just and proper.

## THIRD CLAIM FOR RELIEF

### Common Law Trademark Infringement and Unfair Competition

29.    theScore incorporates the preceding paragraphs as though fully set forth herein.

30.    In addition to the rights under the Lanham Act, theScore also has valid and existing rights under the common law of the State of New York with respect to its SCORE Marks that Defendant has violated by virtue of its actions as described herein.

31. Defendant's wrongful acts as described herein that were undertaken in bad faith have damaged theScore in an amount to be proven at trial.

32. theScore has suffered damages as a direct result of Defendant's conduct as described herein, for which money damages are an inadequate remedy, and such damage will continue unless the Court enjoins Defendant's use of the Infringing Designations.

## PRAYER FOR RELIEF

WHEREFORE, theScore prays for the following relief:

1. That Defendant, its officers, agents, servants, partners, affiliates, subsidiaries, employees, attorneys and all others in concert or participation with them, or any of them, be preliminarily enjoined during the pendency of this action and permanently enjoined thereafter from using the designations SCORESTREAM, the "S" Designation depicted in paragraph 17 above, any derivation thereof, or any other designation or variation similar thereto or likely to cause confusion with theScore's SCORE Marks, in connection with the sale, offering for sale, promotion, distribution, or advertising of any goods or services, including but not limited to online or mobile sports information services, or any other conduct that violates theScore's trademark rights or amounts to unfair competition under either federal or New York common law;

2. That the Court award theScore the profits made by Defendant and/or the actual damages suffered by theScore as a result of Defendant's unlawful conduct, in amounts to be proven at trial;

3. That this Court award theScore triple the amount of the damages awarded, whether Defendant's profits, theScore's lost profits or other damages;

4. That the Court order Defendant to file with the Court and serve upon theScore's counsel within fifteen (15) days after entry of Judgment a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the requirements of the Injunction and Order;

5. That the Court award prejudgment interest as authorized by law;

6. That the Court award theScore its costs incurred in this action, including reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117, on the ground that this is an exceptional case;

7. That the Court grant theScore any other remedy to which it may be entitled; and

8. That the Court grant such other and further relief as it shall deem just and proper.

## DEMAND FOR JURY TRIAL

Trial by jury is hereby demanded for all issues so triable.

DATED: January 25, 2017

DORSEY & WHITNEY LLP

By: _____
Bruce R. Ewing (BE-0724)
Sarah R. Robertson (SR-1919)
Kaydi L. Osowski (KO-2581)
51 West 52nd Street
New York, New York 10019
212-415-9200

Attorneys for Plaintiff
theScore, Inc.